IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | CRIMINAL ACTION NO.11-620 |
| MICHAEL GIAMO<br>Defendant. | |

Michael M. Baylson, J.                                                                                           July 25, 2012

**MEMORANDUM RE DENIAL OF DEFENDANT'S MOTION
FOR JUDGMENT OF ACQUITTAL UNDER RULE 29**

The defendant, by his counsel, has filed a motion under Rule 29, Federal Rules of Criminal Procedures for judgment of acquittal.

The test for this motion is whether the evidence, viewed in the light most favorable to the government, is sufficient such that any rational trier of fact could have found the essential elements for the crime beyond a reasonable doubt.

The defendant's motion concentrates on the testimony of the accomplice in this case, Israel Kniestedt, whose nickname was "Izzy." The defendant's motion relies is exclusively on a number of inconsistencies in Mr. Kniestedt's testimony, as compared to his testimony before the grand jury and compared to certain exhibits which the government introduced into evidence.

The court will reject the defendant's arguments and deny the defendant's motion. Although Mr. Kniestedt may have testified inconsistently on a few points, that is not grounds for

Case 2:11-cr-00620-MMB Document 78 Filed 07/30/12 Page 2 of 2

granting a judgment of acquittal. His overall direct testimony strongly supported the government's theory that defendant masterminded an arson scheme to secure insurance proceeds.

In addition to Mr. Kniestedt's testimony, there were many other aspects of evidence corroborating him and also numerous taped telephone conversations where the defendant basically acknowledged and admitted his involvement in an arson scheme for insurance proceeds.

The government's review of the evidence details the evidence that was introduced into trial accurately, need not be repeated here; and supports the government's opposition to the defendant's Rule 29 motion (ECF No. 68).

The court finds that the evidence was sufficient to support the jury's verdict on all counts conviction.

BY THE COURT:

_____
MICHAEL M. BAYLSON, J.

O:\Criminal Cases\11-620 Giamo, US v\11cr620.mot.asquit.wpd

2